Steven M. Chabre, SBN 173271
The Law Office of Steven M. Chabre
1335 Park Avenue
Alameda, CA 94501
(510) 749-1440
(510) 749-4846 (fax)
Steve@Chabrelaw.com

Attorney for Plaintiff,
CHUONG YI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHUONG YI,<br><br>    Plaintiff,<br><br>    vs.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR ERISA WELFARE BENEFITS** |

Plaintiff, Chuong Yi, alleges:

1. JURISDICTION:  Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, et seq. ("ERISA").  Jurisdiction and venue are therefore proper pursuant to 29 U.S.C. § 1132.

2. INTRADISTRICT ASSIGNMENT:  A substantial part of the events which give rise to this claim occurred in Santa Clara County.  Therefore, assignment to the San Jose Division is appropriate under Civil L.R. 3-2(d).

3. Plaintiff brings this action pursuant to 29 U.S.C. § 1132(a)(1)(B) to clarify her rights to past and future long-term disability ("LTD") insurance benefits under the terms of an ERISA

welfare benefit plan.  Plaintiff seeks payment of ongoing LTD insurance benefits and past-due LTD benefits that are due to her with interest and attorney fees.  Plaintiff also seeks reinstatement of life insurance coverage without payment of premiums due to her disability.  The life insurance benefit is known as life waiver of premium ("LWOP").

## THE PARTIES

4. Plaintiff is an adult resident of Santa Clara County.

5. Plaintiff was an employee of Olympus Corporation of the Americas ("Olympus").

6. By way of her employment with Olympus Plaintiff was at all relevant times a participant and beneficiary of the Olympus Corporation of the Americas Health and Welfare Plan ("the Plan"), which is subject to ERISA.

7. Life insurance Company of North America ("LINA") is a corporation, incorporated in the state of Pennsylvania, and it is authorized to and does conduct business in the State of California.

## THE DISABILITY PLAN

8. The Plan administrator is Olympus.

9. LINA issued an LTD insurance policy to Olympus providing for LTD insurance benefits for Olympus' employees under the Plan.

10. LINA issued a life insurance policy to Olympus that provides for life insurance coverage for Olympus' employees under the Plan.  The life insurance policy contains a provision waiving payment of premiums for employees who are disabled as defined by the life insurance policy.

11. Due to her employment with Olympus, Plaintiff is a participant and beneficiary of the Plan and is insured under the LTD insurance policy and the life insurance policy issued by LINA to Olympus.

12. The LTD insurance policy promises to pay monthly LTD insurance benefits to participants who are disabled as defined by the policy.

13. LINA decides whether or not a claim made under the Plan and underlying LTD insurance policy will be allowed and paid.

14. LINA is liable for the LTD insurance benefits that are payable under the Plan.

15. LINA decides whether a participant is disabled and eligible for LWOP benefits under the Plan and underlying life insurance policy.

16. LINA is liable for the life insurance benefits that are payable under the Plan.

## PLAINTIFF'S DISABILITY

17. Plaintiff is a 45 year-old woman.

18. Plaintiff was born in Vietnam and has difficulty speaking, understanding, and reading English.

19. Plaintiff began working at Olympus in 2005.

20. Olympus employed Plaintiff as a senior endoscope technician, which involved assembly of endoscopes using a microscope.

21. The frequent to constant microscope and upper extremity use at work resulted in repetitive strain injuries to Plaintiff's neck, shoulders, arms, wrists, and hands.

22. Plaintiff developed degenerative disc and joint disease of the cervical spine with radiculopathy.

23. Plaintiff developed degenerative disc and joint disease of the lumbar spine.

24. LINA had plaintiff examined by Maria Gherman, M.D. in October 2019. Dr. Gherman opined that Plaintiff had several restrictions and limitations on her ability to work.

25. A vocational rehabilitation specialist, Jill Peterson, reviewed Dr. Gherman's restrictions and limitations and concluded that there were no occupations that Plaintiff could do within those restrictions and limitations.

26. Plaintiff's treating physician has opined that plaintiff lacks the functional capacity necessary to perform any occupation.

27. Plaintiff has not been able to perform her own occupation or any other occupation due to her orthopedic injuries since June 7, 2017.

## CLAIM HERTORY

28. Plaintiff applied for LTD insurance and LWOP benefits under the Plan by filing a claim with LINA in July 2018.

29. LINA approved the LTD claim in October 2018 with benefits payable beginning December 5, 2017.

30. LINA approved the LWOP claim on October 23, 2018.

31. LINA continued to pay LTD benefits through January 4, 2020 but denied benefits beyond that date.

32. LINA continued to approve LWOP benefits through January 8, 2020, but denied benefits beyond that date.

33. Plaintiff appealed the denial of the LTD and LWOP claims on July 3, 2020.

34. LINA denied the appeal by letter dated October 5, 2020.

35. Plaintiff exhausted her administrative remedies under the Plan.

## FIRST CAUSE OF ACTION
### (Claim for LTD Insurance Benefits against LINA)

36. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

37. Plaintiff has performed all of her obligations with respect to the Plan and with respect to the underlying LTD insurance policy issued by LINA.

38. All conditions precedent to Plaintiff's bringing this ERISA claim and to her receiving LTD insurance benefits under the Plan and underlying LTD insurance policy have been performed by Plaintiff or have occurred.

39. Plaintiff has been disabled under the terms of the Plan and the underlying LTD insurance policy at all times since June 7, 2017.

40. Plaintiff has been eligible to receive LTD insurance benefits from LINA under the terms of the Plan and the underlying LTD insurance policy at all times since December 5, 2017.

41. 29 U.S.C. § 1132(a)(1)(B) states:

A civil action may be brought --

    (1) by a participant or beneficiary --

        (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

42. LINA's actions constitute an unlawful denial of LTD insurance benefits under the Plan and the underlying LTD insurance policy as provided in 29 U.S.C. § 1132(a)(1)(B).

## SECOND CAUSE OF ACTION
### (Claim for LWOP Benefits against LINA)

43. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

44. Plaintiff has performed all of her obligations with respect to the Plan and with respect to the underlying life insurance policy issued by LINA.

45. All conditions precedent to Plaintiff's bringing this ERISA claim and to her receiving LWOP benefits under the Plan and underlying life insurance policy have been performed by Plaintiff or have occurred.

46. Plaintiff has been disabled under the terms of the Plan and the underlying life insurance policy at all times since June 7, 2017.

47. Plaintiff has been eligible to receive LWOP benefits from LINA under the terms of the Plan and the underlying life insurance policy at all times since March 8, 2018.

48. 29 U.S.C. § 1132(a)(1)(B) states:

A civil action may be brought --

    (1) by a participant or beneficiary --

        (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

49. LINA's actions constitute an unlawful denial of LWOP benefits under the Plan and the underlying life insurance policy as provided in 29 U.S.C. § 1132(a)(1)(B).

**PRAYER FOR RELIEF**

50. Plaintiff respectfully requests that this Court review the denial of her LTD claim and determine that she has been entitled to LTD benefits from LINA under the terms of the Plan and underlying LTD insurance policy at all times since January 5, 2020, when her benefits were terminated, and that she remains eligible for those benefits on an ongoing basis.

51. Plaintiff respectfully requests that this Court review the denial of her LWOP claim and determine that she has been entitled to LWOP benefits from LINA under the terms of the Plan and underlying life insurance policy at all times since January 8, 2020, when her benefits were terminated, and that she remains eligible for those benefits on an ongoing basis.

52. Plaintiff seeks interest on all back benefits.

53. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure the LTD and LWOP benefits owed to her pursuant to 29 U.S.C. § 1132(g).

54. Finally, Plaintiff seeks such other relief as this Court finds appropriate.

1
2
3
4   BY:  /Steven M. Chabre/            DATED:  November 11, 2020
         STEVEN M. CHABRE
5        Attorney for Plaintiff
         CHUONG YI
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28